UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN D. LAITTRE,

    Plaintiff,

v.                                              CASE NO.  8:08-cv-312-T-23TBM

TECO OCEAN SHIPPING, INC.,

    Defendant.
_____/

## **ORDER**

The plaintiff sues the defendant for terminating his employment as a seaman in violation of Florida's "whistle blower" statute, section 448.102, Florida Statutes. (Doc. 2, ¶ 9) During his employment, the plaintiff allegedly "became concerned" that the master of the tug Janis Guzzle lacked the United States Coast Guard ("Coast Guard") license required by 46 C.F.R. § 15.1103. (Doc. 2, ¶ 4) The plaintiff allegedly informed the defendant in writing that the master lacked the requisite license. (Doc. 2, ¶ 5) After the plaintiff informed the Coast Guard about the violation, the defendant allegedly retaliated against the plaintiff by terminating his employment. (Doc. 2, ¶¶ 6, 8)

Removing on the basis of federal question jurisdiction, 28 U.S.C. § 1441(b), the defendant asserts that 46 U.S.C. § 2114, "provides the exclusive employment protection" to a seaman who reports a violation of a maritime safety law or regulation to the Coast Guard. (Doc. 1, ¶ 5) The plaintiff moves (Doc. 5) to remand, and the defendant responds (Doc. 6) in opposition.

Under the well-pleaded complaint rule, a case does not "arise" under federal law unless the complaint, on its face, presents a federal question. Kemp v. International Bus. Machs. Corp., 109 F.3d 708, 712 (11th Cir. 1997). If the plaintiff asserts only a state law claim in the state court, the defendant may not remove the case because the complaint presents no federal question. Of course, "Congress may preempt an area of law so completely that any complaint raising claims in that area is necessarily federal in character and therefore necessarily presents a basis for federal court jurisdiction." Kemp, 109 F.3d at 712. This "complete preemption" converts the state law claim alleged in the complaint into the preemptive federal claim (the only claim remaining in the completely preempted subject) and permits removal on the basis of federal question jurisdiction. Kemp, 109 F.3d at 712. Complete preemption substitutes the preempted federal claim for the superseded state claim despite the words of the complaint; ordinary preemption offers a party either a basis to dismiss the preempted state claim or an affirmative defense to the preempted state claim in state or federal court. Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (11th Cir. 1999).

The state court complaint asserts a single state law claim under section 448.102. In opposing remand, the defendant argues ordinary preemption, not complete preemption. Even if available in this instance (an earnestly debatable proposition), ordinary preemption fails to convert the plaintiff's state law claim into a federal claim that permits removal. The defendant in state court may move to dismiss or assert a defense based on preemption; the defendant may not remove consequent upon the present complaint.

- 3 -

The plaintiff moves (Doc. 5) for attorney's fees incurred as a result of the removal. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136, 126 S. Ct. 704, 708 (2005); see also Bauknight v. Monroe County, Fla., 446 F.3d 1327, 1329 (11th Cir. 2006). The defendant relied on a flawed but not objectively unreasonable basis for removal.

The motion (Doc. 5) to remand is **GRANTED**, and this action is **REMANDED**. The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Hillsborough County, (2) terminate any pending motion, and (3) close the case. The motion (Doc. 5) for attorney's fees and costs is **DENIED**.

ORDERED in Tampa, Florida, on May 16, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE